**Gregory I. CZARNOWSKI, Plaintiff,**

v.

**DESOTO, INC., Defendant.**

**No. 77 C 695.**

United States District Court, N. D. Illinois, E. D.

July 29, 1981.

Stephen G. Seliger, Chicago, Ill., for plaintiff.

Herbert M. Berman, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

This cause of action arises out of a claim by plaintiff based upon title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3 (1978) ("title VII"). Plaintiff contends that defendant retaliated against plaintiff in violation of section 2000e–3 by giving an unfavorable and untrue reference to prospective employers, the Commonwealth of Puerto Rico ("Commonwealth") and Congoleum Corporation ("Congoleum"), and by stating to Congoleum that plaintiff had filed a charge against defendant with the Equal Employment Opportunity Commission ("EEOC").[1] Defendant contends that any reference or comments to prospective employers of plaintiff were accurate responses based upon plaintiff's performance as an employee of defendant and were not in retaliation for plaintiff's filing of a discrimination charge with the EEOC. The court concludes that plaintiff has failed to establish that defendant retaliated against plaintiff in violation of title VII regarding plaintiff's application for employment with Commonwealth. The court also concludes that plaintiff has failed to establish that defendant retaliated against plaintiff in violation of title VII as to defendant's statement to Congoleum regarding plaintiff's reason for leaving defendant's employ. The court fur-

---

1. Prior to trial, plaintiff dismissed a claim alleging that defendant violated title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1978), by discharging plaintiff because of his religion and national origin.

ther concludes that plaintiff has established that defendant retaliated against plaintiff in violation of title VII regarding defendant's statement to Congoleum that plaintiff had filed an EEOC charge. Accordingly, the court enters the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52.

## FINDINGS OF FACT

1. Plaintiff is a citizen of the United States who resides in Chicago, Illinois.

2. Defendant is a corporation with an office located at 1700 Mt. Prospect Road, Des Plaines, Illinois, who employs more than fifteen persons in the business of manufacturing and distributing paint and other wall coverings in interstate commerce.

3. Plaintiff was employed by defendant from August 17, 1970 to August 15, 1973.

4. During the period relevant to this cause of action, defendant was an employer engaged in an industry affecting commerce within the meaning of title VII. *See* 42 U.S.C. § 2000e(b), (g), and (h) (1978).

5. Defendant hired plaintiff as a salesman in defendant's "wall covering division" on August 17, 1970.

6. On or about February 1, 1973, defendant transferred plaintiff to defendant's "chemical coatings division" as a field merchandise representative under the supervision of John Nitz ("Nitz"), manager of the field merchandise group. The field merchandise group trains the paint department personnel of Sears, Roebuck, and Company.

7. On or about August 2, 1973, Nitz asked plaintiff to leave, stating that plaintiff was too aggressive and that Nitz had not seen any improvement in plaintiff's performance as a field merchandise representative.

8. On August 10, 1973, Nitz wrote a letter to plaintiff as a follow-up to their conversation on August 2, 1973. Nitz stated in the letter that the letter was formal notice of plaintiff's termination on or about September 2, 1973. The letter also states that, if the plaintiff so wished, defendant would provide plaintiff with a letter of recommendation and would assist plaintiff in producing a resume.

9. On August 14, 1973, plaintiff met with defendant's personnel supervisor, Diana Parks, for an exit interview. Plaintiff signed an "exit interview form" which stated that plaintiff's resignation was "due to lack of mutual understanding of position objectives and functions."

10. On August 15, 1973, plaintiff met with defendant's merchandise director, Stevenson Mountsier ("Mountsier"). Plaintiff requested the meeting to inform Mountsier of the nature of plaintiff's leaving the employ of defendant and to advise Mountsier of the status of the field merchandise group.

11. At the time that plaintiff left defendant's employ, plaintiff was receiving an annual salary of $13,560 from defendant, plus other benefits including pension and profit sharing, hospitalization, and health insurance.

12. On or about August 16, 1973, plaintiff filed charges with the EEOC and the Illinois Fair Employment Practices Commission alleging that defendant unlawfully terminated plaintiff's employment based upon plaintiff's religion and national origin.

13. On or about November 8, 1973, defendant acknowledged receipt of the EEOC charge filed by plaintiff.

14. In November 1973, plaintiff had two interviews with Jack Peninger of Commonwealth regarding the position of sales representative. This position with Commonwealth paid a salary of approximately $17,500 annually, plus health and retirement benefits, and one percent of net sales as commission.

15. On November 12, 1973, Commonwealth wrote to defendant requesting information regarding plaintiff's employment with defendant.

16. On November 21, 1973, James Morita of defendant's personnel office wrote a letter to Commonwealth stating that plaintiff resigned due to lack of understanding of position objectives and functions.

17. Plaintiff did not receive an offer of employment from Commonwealth.

18. On or about April 12, 1974, plaintiff filed an amended charge with the EEOC alleging that defendant had unlawfully retaliated against plaintiff for filing the original EEOC charge.

19. In November 1974, plaintiff applied for a position as sales representative for the Chicago area with Congoleum. On November 6 and 13, 1974, plaintiff met with Congoleum personnel in Chicago to discuss the position. As a result of these meetings, plaintiff was invited to meet with other Congoleum officials at Congoleum's home office in Kearney, New Jersey on November 22, 1974. Plaintiff was one of two finalists under consideration for the position of sales representative.

20. On November 19, 1974, Congoleum's personnel director Kenneth Baumler ("Baumler") contacted Dan Zacharski ("Zacharski") of defendant's personnel office for information concerning plaintiff's employment with defendant. Defendant's policy regarding such inquiries was to provide the former employee's dates of employment, title, and salary. Zacharski informed Baumler of plaintiff's dates of employment, salary, and that plaintiff was given the opportunity to resign due to plaintiff's misunderstanding as to his duties. Zacharski also informed Baumler that plaintiff had filed a charge with the EEOC.

21. At Congoleum's expense, plaintiff was flown to Congoleum's home office in Kearney, New Jersey for an interview on November 22, 1974. Plaintiff had a series of meetings with defendant's personnel, Anthony Bolin ("Bolin"), Richard Strong ("Strong"), and Baumler. The plaintiff's first meeting was with Bolin and Strong wherein salary and the requirements of the position of sales representative were discussed. The plaintiff's second meeting was with Baumler wherein general personnel policies and benefits were discussed. The third meeting was attended by plaintiff, Bolin, and Strong. At this third meeting, Bolin asked plaintiff if plaintiff had filed an EEOC charge. Plaintiff stated that he

had filed such a charge. Bolin stated that he had no further questions. Plaintiff then met with Strong where the plaintiff's filing of the EEOC complaint against defendant was discussed again. Plaintiff did not meet further with the Congoleum officials and returned to Chicago.

22. On December 9, 1974, plaintiff received a letter from Congoleum informing him that Congoleum had hired someone else for the sales representative position. The position was filled in January 1975. Congoleum paid a salary of approximately $17,500 annually, plus health and retirement benefits.

23. Congoleum terminated its Chicago operation in January 1976.

24. Plaintiff was unemployed from August 15, 1973 through November 17, 1975. From November 17, 1975 to August 31, 1976, plaintiff was employed as a sales representative by Allied Fiber Tube and Can Company in Chicago, Illinois at a salary of $12,000.00 annually. Plaintiff was unemployed from September 1976 to June 1977. In June 1977, plaintiff was employed as a merchandise representative by Wagner Spray Tech Corporation ("Wagner") in Chicago, Illinois at a salary of $13,200.00 annually. Plaintiff remains employed by Wagner as a sales representative at a salary of $27,565.00 annually.

25. On June 30, 1976, the EEOC issued a determination that there was reasonable cause to believe plaintiff's allegation of retaliation regarding the reason given to Commonwealth by defendant for plaintiff leaving the employ of defendant.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over this cause of action pursuant to title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(3) (1978).

2. Title VII provides, in pertinent part:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this

subchapter or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. 42 U.S.C. § 2000e–3(a) (1978).

3. Defendant is an employer for the purpose of title VII as defined in 42 U.S.C. § 2000e(b) (1978).

■ 4. Plaintiff, as a former employee of defendant, can maintain a cause of action based upon retaliation as prohibited by 42 U.S.C. § 2000e–3 (1978). *Pantchenko v. C. B. Dolge Co.*, 581 F.2d 1052, 1055 (2d Cir. 1978) (per curiam); *Rutherford v. American Bank of Commerce*, 565 F.2d 1162, 1165 (10th Cir. 1977).

■ 5. It is not necessary for a plaintiff to establish the validity of the underlying EEOC charge in order to establish a claim of employer retaliation in violation of 42 U.S.C. § 2000e–3 (1978). *Berg v. LaCrosse Cooler Co.*, 612 F.2d 1041, 1043 (7th Cir. 1980); *Rogers v. McCall*, 488 F.Supp. 689, 697 (D.C.D.C.1980); *Slotkin v. Human Development Corp.*, 454 F.Supp. 250, 257 (E.D. Mo.1978).

■ 6. The EEOC's findings pursuant to an investigation are admissible evidence and may be considered by the court. *Smith v. Universal Service, Inc.*, 454 F.2d 154, 157 (5th Cir. 1972).

■ 7. The shifting burden of proof standard applied in title VII suits generally as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), also is applied in cases alleging retaliation for participation in title VII grievance procedures.[2] *See Womack v. Munson*, 619 F.2d 1292, 1296 (8th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981); *Hochstadt v. Worchester Foundation*, 425 F.Supp. 318, 324 (D.Mass.), *aff'd*, 545 F.2d 222 (1st Cir. 1976); *Aguirre v. Chula Vista*

*Sanitary Service & Sani-Tainer, Inc.*, 542 F.2d 779, 781 (9th Cir. 1976).

■ 8. In order to establish a prima facie case of retaliation in violation of 42 U.S.C. § 2000e–3 (1978), the plaintiff must establish: (1) statutorily-protected participation by the employee; (2) adverse employment action by the employer; and (3) a causal connection between the two. *Womack v. Munson*, 619 F.2d 1292, 1296 (8th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981). "Statutorily-protected participation" by the employee includes the filing of employment discrimination charges with the EEOC. *Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998, 1005–06 (5th Cir. 1969). "Adverse employment action" by the employer includes, *inter alia*, discharging the employee, harassing or disciplining the employee, and giving poor recommendations or references to prospective employers of the employee. *See Womack v. Munson*, 619 F.2d 1292, 1296 (8th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981) (discharge); *Pantchenko v. C. B. Dolge Co.*, 581 F.2d 1052, 1055 (2d Cir. 1978) (per curiam) (recommendation); *Rutherford v. American Bank of Commerce*, 565 F.2d 1162, 1165 (10th Cir. 1977) (reference); *Hayden v. Chrysler Corp.*, 486 F.Supp. 557, 563 (E.D. Mich.1980) (harassment). "Causal connection" consists of evidence showing that a retaliatory motive played a part in the adverse employment action which includes establishing that the employer had actual or imputed knowledge of the employee's statutorily-protected participation. *Womack v. Munson*, 619 F.2d 1292, 1296 (8th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981); *Rogers v. McCall*, 488 F.Supp. 689, 697–98 (D.C.D.C.1980).

9. If the plaintiff establishes a prima facie case of retaliation, under *McDonnell Douglas Corp. v. Green*, 411 U.S. 722, 802–

---

**2.** In addition to the *McDonnell Douglas* shifting burden of proof standard, some courts apparently have concluded that, if retaliation played a part in the adverse action, even though not the sole reason, the employer's action is a violation of title VII. *See, e. g., Goodwin v. City of*

*Pittsburgh*, 480 F.Supp. 627, 633 (W.D.Pa. 1979). Since this burden of proof standard differs from the standard required under *McDonnell Douglas*, the court declines to adopt it.

04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), and its progeny, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. If the defendant so rebuts the plaintiff's prima facie case, the plaintiff then must prove that the defendant's reasons were a pretext for discrimination prohibited by title VII. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981).

■■ 10. Applying the law to the alleged retaliation by defendant in giving an unfavorable and untrue recommendation of plaintiff to Commonwealth, the court concludes that plaintiff has failed to establish a prima facie case of retaliation in violation of 42 U.S.C. § 2000e–3 (1978). Plaintiff has shown that he engaged in statutorily-protected activity pursuant to 42 U.S.C. § 2000e–3 (1978) by filing the original EEOC charge in August 1973. Plaintiff, however, has not shown any adverse employment action by defendant regarding plaintiff's application for employment with Commonwealth. Rather, as a result of an inquiry by Commonwealth, defendant merely relayed to Commonwealth a statement included on plaintiff's exit interview form which had been acknowledged and signed by plaintiff. The fact that defendant in communicating with Commonwealth omitted the word "mutual" from the statement on the exit interview form does not constitute adverse employment action for the purpose of establishing the second element of a prima facie case of retaliation under title VII. The EEOC finding that there was reasonable cause to believe plaintiff's allegation of retaliation regarding the reason given to Commonwealth by defendant is entitled to some consideration by the court, but is not conclusive. Alternatively, assuming *arguendo* that plaintiff established a prima facie case of retaliation regarding the reason given to Commonwealth by defendant for plaintiff leaving the employ of defendant, the court concludes that defendant has rebutted the prima facie case with a legitimate, nondiscriminatory reason for the statement to Commonwealth and

that plaintiff has failed to establish that defendant's reason is a pretext for discrimination prohibited by title VII. Accordingly, plaintiff has failed to establish a prima facie case of retaliation by defendant in violation of title VII regarding plaintiff's application for employment with Commonwealth.

■ 11. As to the alleged retaliation by defendant whereby defendant stated to Congoleum that plaintiff was given an opportunity to resign due to plaintiff's misunderstanding as to his duties, the court concludes that plaintiff has failed to establish a prima facie case of retaliation in violation of 42 U.S.C. § 2000e–3 (1978). Again, under the analysis applied to defendant's alleged retaliation regarding the application for employment with Commonwealth, the court concludes that plaintiff has failed to establish a prima facie case of retaliation in violation of title VII. Plaintiff has shown that he engaged in statutorily-protected activity pursuant to 42 U.S.C. § 2000e–3 (1978) by filing the original EEOC charge in August 1973, but has not shown any adverse employment action by defendant regarding the reason given to Congoleum by defendant for plaintiff leaving the employ of defendant. Again, the fact that defendant, in stating plaintiff's reason for leaving defendant's employ, omitted the word "mutual" from the statement on plaintiff's exit interview form does not constitute adverse employment action for the purpose of establishing a prima facie case of retaliation under title VII. Alternatively, assuming *arguendo* that plaintiff established a prima facie case of retaliation regarding the reason given to Congoleum by defendant for plaintiff leaving the employ of defendant, the court concludes that defendant has rebutted the prima facie case with a legitimate, nondiscriminatory reason for the statement to Congoleum regarding why plaintiff left defendant's employ and that plaintiff has failed to establish that defendant's reason is a pretext for discrimination prohibited by title VII. Accordingly, plaintiff has failed to establish a prima facie case of retaliation by defendant as to de-

fendant's statement to Congoleum regarding why plaintiff left the employ of defendant.

■ 12. Regarding the alleged retaliation by defendant whereby defendant informed Congoleum that plaintiff had filed an EEOC charge against defendant, the court concludes that plaintiff has established a prima facie case of retaliation in violation of 42 U.S.C. § 2000e–3 (1978). As to the first element necessary to establish a prima facie case of retaliation, plaintiff has shown that he engaged in statutorily-protected activity under title VII by filing the original EEOC charge in August 1973 and the retaliation charge in April 1974. Plaintiff also has shown that defendant informing Congoleum of plaintiff's filing of an EEOC charge is an adverse employment action. Informing a prospective employer that a former employee has filed an EEOC charge is an adverse action similar to that of harassing an employee or giving a poor recommendation or reference on behalf of an employee for the purpose of establishing the second element of a prima facie case of retaliation. Plaintiff further has established a causal connection between the filing of the EEOC charge and defendant informing Congoleum of plaintiff's filing of such a charge. A causal connection is established by showing that the employer had knowledge of the employee's statutorily-protected participation and that a retaliatory motive played a part in the adverse employment action. In the present case, plaintiff has shown that defendant had knowledge of plaintiff's EEOC charge. Plaintiff also has shown that a retaliatory motive played a part in defendant informing Congoleum that plaintiff had filed the charge. The fact that plaintiff had filed the charge is irrelevant to an assessment of plaintiff's abilities as a former employee of defendant or as a prospective employee of Congoleum. By informing Congoleum of plaintiff's EEOC charge, defendant in all likelihood caused Congoleum to consider plaintiff a disgruntled employee or "troublemaker". Thus, the court concludes that a retaliatory motive played a part in defendant's adverse employment action.

Therefore, plaintiff has shown a causal connection for the purpose of the third element of a prima facie case of retaliation. Accordingly, the court concludes that plaintiff has established all of the elements necessary for a prima facie case of retaliation in violation of title VII.

13. Since plaintiff has established a prima facie case of retaliation, the burden now shifts to defendant to rebut the prima facie case by articulating a legitimate, nondiscriminatory reason for the adverse employment action. The court concludes that defendant has failed to rebut plaintiff's prima facie case with a legitimate, nondiscriminatory reason for stating to Congoleum that plaintiff had filed an EEOC charge. Defendant informing Congoleum of the filing of the EEOC charge by plaintiff is contrary to the spirit and purpose of title VII which provides employees with a congressionally-mandated process to remedy employment discrimination. Employees must be free to pursue this process without the fear that the filing of such a charge will be freely communicated to prospective employers by a former employer. Therefore, the court concludes that defendant has failed to rebut plaintiff's prima facie case of retaliation in violation of 42 U.S.C. § 2000e–3 (1978). Accordingly, the court concludes that plaintiff has established that defendant retaliated against plaintiff in violation of title VII regarding defendant's statement to Congoleum that plaintiff had filed an EEOC charge.

■ 14. One of the purposes of title VII is to make persons whole for injuries suffered on account of unlawful discrimination. *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975); *Kamberos v. GTE Automatic Electric, Inc.*, 603 F.2d 598, 602 (7th Cir. 1979). A plaintiff's damages are determined by measuring the difference between actual earnings for the period and those which the plaintiff would have earned absent the discrimination by the defendant. *Taylor v. Philips Industries, Inc.*, 593 F.2d 783, 786 (7th Cir. 1979); *Waters v. Wiscon-*

*sin Steel Works*, 502 F.2d 1309, 1321 (7th Cir. 1974), *cert. denied*, 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976). The court, in its discretion, may deduct unemployment compensation payments received by a plaintiff during the relevant time period. *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 721 (7th Cir. 1969).

15. In that there is no evidence before the court to establish the amount, if any, of unemployment compensation received by plaintiff, nor whether the Congoleum sales representative position in Chicago was continued after January 1976 when Congoleum terminated its Chicago operations, the court concludes that plaintiff is entitled to judgment in the amount of $16,000.00, which represents the salary of $17,500.00 annually for a period of twelve months from January 1, 1975 to January 1, 1976 minus the salary of $12,000.00 which plaintiff received from his employment with Allied Fiber Tube and Can Company beginning on November 17, 1975.

### JUDGMENT

Accordingly, plaintiff's claim of retaliation pursuant to 42 U.S.C. § 2000e-3 (1978) regarding his application for employment with Commonwealth is denied and judgment is entered for defendant as to this claim. Plaintiff's claim of retaliation pursuant to 42 U.S.C. § 2000e-3 (1978) as to defendant's statement to Congoleum regarding plaintiff's reason for leaving the employ of defendant is denied and judgment is entered for defendant as to this claim. Judgment is granted in favor of plaintiff and against defendant in the amount of $16,000.00, sixteen thousand dollars and no cents, for plaintiff's claim of retaliation pursuant to 42 U.S.C. § 2000e-3 (1978) regarding defendant's statement to Congoleum that plaintiff had filed an EEOC charge against defendant. The court reserves on the awarding of attorney's fees at this time.

It is so ordered.