**Blanche E. LaDOLCE, Plaintiff,**

v.

**BANK ADMINISTRATION INSTITUTE, Defendant.**

No. 83 C 5604.

United States District Court, N.D. Illinois, E.D.

April 12, 1984.

George W. Hamman, Marvin N. Benn, Hamman, Benn & Miller, Chicago, Ill., for plaintiff.

Harry Sangerman, McDermott, Will & Emery, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Blanche E. LaDolce ("LaDolce") sued the Bank Administration Institute ("BAI") for age discrimination in employment pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(b) and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Presently before the Court are BAI's motion to strike portions of La-Dolce's complaint and its motion in limine. For reasons set forth below, BAI's motions are granted in part and denied in part.

### The Motion to Strike

BAI's motion to strike is granted with respect to LaDolce's allegations of mental and emotional distress in paragraph 9. La-Dolce indicates she has waived these claims, and the Seventh Circuit recently held that damages for pain and suffering are not available under the ADEA. *Pfeiffer v. Essex Wire Corp.*, 682 F.2d 684 (7th Cir.1982), *cert. denied*, 459 U.S. 1039, 103 S.Ct. 453, 74 L.Ed.2d 606 (1982).

The motion to strike is denied as to La-Dolce's prayer for damages. While La-Dolce concedes that discovery indicated that her actual damages may be less than the amount in her prayer for relief, $200,-000, we agree that proper jury instructions on this question will avoid prejudice to BAI. We do not believe that forcing La-Dolce to amend her prayer for damages would serve a useful purpose.

■■■■ BAI would also strike paragraph 4 from LaDolce's complaint, as well as two exhibits to the complaint which are EEOC documents. Paragraph 4 refers to the EEOC's issuance of a "Letter of Violation" and states that BAI would not participate in EEOC settlement or conciliation proceedings. We decline to strike this material from LaDolce's complaint. Such information neither unduly prejudices BAI nor creates a risk of confusion. It is settled, moreover, that EEOC findings pursuant to an investigation are admissible evidence which may be considered by the courts. *Czarnowski v. Desoto, Inc.*, 518 F.Supp. 1252, 1257 (N.D.Ill.1981). The decision to admit into evidence results of an agency's determination of an employment discrimination claim is discretionary, *McCluney v. Jos. Schlitz Brewing Co.*, 728 F.2d 924, 929–930 (7th Cir.1984).

### The Motion in Limine

■■■ BAI's motion to exclude evidence of proceedings and findings by the EEOC, as well as various EEOC documents, is denied for reasons set forth above. We also note that at trial EEOC reports and findings are entitled to no greater weight than any other trial testimony. *Spray v. Kellos-Sims Crane Rental*, 507 F.Supp. 745, 750 (S.D. Ga.1981).

■■■ Nor should evidence of certain statements made by BAI's President, Ron-ald Burke, be excluded. The jury is entitled to consider such evidence, for remarks by managerial personnel may establish that age was a factor in the decision to terminate an employee. *E.g.*, *Buchholz v. Symons Mfg. Co.*, 445 F.Supp. 706 (E.D.Wis. 1978).

■■■ However, evidence of BAI's settlement of an age discrimination claim with another employee, Izzie Mele, must be excluded. *Scaramuzzo v. Glenmore Distilleries Co.*, 501 F.Supp. 727, 732–33 (N.D.Ill. 1980). Such evidence undermines the public policy favoring out-of-court settlement. *Id.* Evidence of a prior age discrimination *charge* filed by Mele must also be excluded, since the probative value of any such evidence is outweighed by undue prejudice to BAI. *Id.* This is not to say, however, that evidence or testimony regarding BAI's prior discriminatory conduct with respect to employees other than LaDolce should be excluded. Such evidence might support an inference of discrimination and is clearly relevant. *Id.* at 733 n. 7. Moreover, Fed. R.Evid. 404(b) allows evidence of other acts to be admitted to prove motive or intent. Evidence of prior discriminatory conduct by BAI would clearly be relevant to the present matter.[1] We thus decline to exclude evidence and documents concerning the termination of Fern Hauck or evidence of BAI's conduct toward Mele.

■■■ Finally, because evidence of events after LaDolce's discharge might be relevant to LaDolce's claim, we deny BAI's motion to exclude such evidence. The other documentary evidence to which BAI objects shall also be admitted, as its relevance is not outweighed by any risk of prejudice to BAI.

Accordingly, BAI's motion to strike is granted in part and denied in part. BAI's

---

**1.** The instant case is thus distinguishable from *McCluney v. Jos. Schlitz Brewing Co.*, 728 F.2d 924 (7th Cir.1984). There, the Seventh Circuit held that the district court did not abuse its discretion by excluding evidence of past discrimination since such evidence was not offered to prove motive or intent, but rather, to show that the plaintiff reasonably believed that dis-crimination existed in an unrelated event. *Id.* at 929. There is no doubt that facts about an employer's general minority employment policy and practices are relevant and admissible. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804–05, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973).

motion in limine is granted in part and denied in part. It is so ordered.[2]

2. Although the pretrial materials submitted to the Court include trial briefs, proposed voir dire questions and proposed jury instructions, this filing does not comply with Judge Aspen's pretrial order form. The parties are ordered to complete forthwith the pretrial order in accordance with Judge Aspen's pretrial order form, Appendix A of this opinion. Within 21 days, the parties are to meet with a magistrate to be designated by the Court. The magistrate is ordered to (a) certify that the pretrial order has been correctly prepared, and (b) conduct a settlement conference with counsel and their principals. The magistrate is to report on or before May 15, 1984, as to his or her certification of the pretrial order and the results of the settlement conference. A status hearing is set for May 18, 1984, at 10:30 a.m. It is so ordered.