**STANLEY GUDYKA SALES CO., INC., Plaintiff,**

v.

**LACY FOREST PRODUCTS COMPANY, an Oregon Partnership, et al., Defendants.**

No. 84 C 5165.

United States District Court, N.D. Illinois, E.D.

Aug. 9, 1985.

MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

Presently pending before this Court is the defendant's motion for summary judgment. The plaintiff, Stanley Gudyka Sales Co., Inc. ("Gudyka") and the defendant, Lacy Forest Products Company ("Lacy") entered into an employment agreement whereby Lacy hired Gudyka as a sales representative in July, 1981. The agreement provided that Gudyka could be terminated only "for just cause." It also provided that Gudyka would be paid a commission of 50% of the net margin realized by Lacy on any sales generated by Gudyka.

The dispute centers over commissions from a particular account. In December, 1982, a change was made in this account regarding the method of payment. Instead of paying a commission to Lacy directly, the supplier decided to send commission checks directly to Gudyka, 50% of which Gudyka was then to remit to Lacy. Thirteen checks totalling $5,839.42 were sent to Gudyka from December 13, 1982 to May 7, 1983. Lacy received no information from Gudyka or from the supplier regarding the amounts of commission Gudyka received on the account despite Lacy's repeated phone requests to Gudyka for the amounts and despite Gudyka's prior agreement to provide such information. In early June, 1983, after learning that Gudyka had been paid commissions in excess of $5,800, Lacy decided to terminate Gudyka because he had not accounted for 50% of this amount and because Lacy felt that he could no longer be trusted.

■ Lacy argues that it is entitled to summary judgment dismissing the complaint first because Gudyka was terminated for just cause as a matter of law, and second because, under Illinois law he was an employee at will terminable for any cause or for no cause at all.

For the latter proposition, Lacy cites several cases which are distinguishable from this case. In those cases continued employment was conditioned on "satisfactory performance." Here, the employee may not be discharged except "for good cause." *See, e.g., Buian v. J.L. Jacobs and Company,* 428 F.2d 531 (7th Cir.1970); *Gordon v. Matthew Bender & Co., Inc.,* 562 F.Supp. 1286 (N.D.Ill.1983); *Payne v. AHFI/Netherlands, B.V.,* 522 F.Supp. 18 (N.D.Ill.

1980). As the court stated in *Scaramuzzo v. Glenmore Distilleries Co.*, 501 F.Supp. 727, 732 (N.D.Ill.1980) "[a] contract that fails to specify the length of the term of employment, but that does set conditions upon which termination may be based, is not terminable at will—it is terminated upon the existence of those conditions."

■ This Court also must reject Lacy's argument that it can determine as a matter of law that Lacy terminated Gudyka for good cause. Although it is certainly correct, as Lacy points out, that in a proper case a court may apply the undisputed facts to the standard for termination and determine whether the standard has been met as a matter of law, this is not such a case. Here, Gudyka asserts that all requests of him by Lacy for the amounts of commission owing from the particular account were made in passing in telephone conversations that centered around other subjects; that he always assumed, and was never told otherwise, that Lacy was receiving paperwork from the supplier which indicated the commission amounts being paid directly to Gudyka; that Lacy knew that Gudyka was being paid commission amounts directly because Gudyka was always truthful; that Lacy never expressed any urgency about the matter and let it drag on for six months, thereby condoning his lackadaisical attitude toward the matter; and, most importantly, that this attitude was justified because Lacy itself at all times owed Gudyka more than Gudyka owed Lacy for commissions on other accounts and had not paid him. If this Court were to accept Gudyka's account, as it must on a motion for summary judgment, it would be constrained to hold that Gudyka was not terminated for good cause and thus grant him judgment as a matter of law. As this case is presently postured, the existence of obvious issues of material fact and of various inferences to be drawn from the undisputed facts precludes the entry of summary judgment.

For the reasons stated above, Lacy's motion for summary judgment is denied.