· Connie **LEWIS**, Appellee,

v.

BUENA VISTA MUTUAL INSURANCE ASSOCIATION, Appellant.

No. 54146.

Supreme Court of Iowa.

Jan. 19, 1971.

Pendleton & Pendleton, Storm Lake, for appellant.

Wunschel & Schechtman, Carroll, for appellee.

UHLENHOPP, Justice.

The question before us in this action on a fire insurance policy is whether defendant should be permitted to endeavor to establish its defense of arson.

Plaintiff Connie Lewis owned a house and contents in Nemaha, Iowa. She obtained a fire insurance policy covering that property from defendant Buena Vista Mutual Insurance Association. Subsequently the house and contents were destroyed by fire.

Defendant did not pay the loss and plaintiff brought this action on the policy. Evidently the matter was attended with some publicity, as plaintiff first demanded a jury, then waived the demand, and still later resisted defendant's jury demand. The parties eventually resolved that problem by stipulating for a jury trial in another county.

The pleadings in the case became confusing. Defendant first answered that "the defendant has a policy defense". Plaintiff moved to make that averment more specific. Defendant amended the answer by averring that "the plaintiff increased the hazard of fire by her voluntary action and willfully concealed or misrepresented the circumstances thereof to the defendant." Plaintiff then moved to make that averment more specific. But before this second motion was ruled on, plaintiff replied, denying the averment of the amendment to answer. Despite the reply, plaintiff's second motion was later ruled on and sustained. The pleadings stood thus on and after September 8, 1969.

Interrogatories were filed by plaintiff. Defendant answered them, although in generalities. They included inquiries about arson and fire marshal reports. Discovery depositions were taken, and they too dealt with arson.

On March 4, 1970, the case came on for trial. That morning plaintiff filed a motion in limine to prohibit defendant from referring to arson at the trial. Subsequently on the same morning, defendant filed its second amendment to answer averring that the fire was "of incendiary origin and that arson was committed by plaintiff or others working in concert with her, and that her right to recover under said policy is thereby barred." Plaintiff thereupon moved to strike the amendment.

After a hearing, the trial court sustained the motions in limine and to strike. Defendant obtained a delay of trial in order to seek permission to take an interlocutory appeal, and the jury was dismissed. We subsequently permitted this appeal to be taken.

Basically, one question is involved in both motions. Should the trial court have prohibited defendant from pleading and trying to establish arson?

I. As to the motion to strike the second amendment to answer, while trial courts have some discretion in allowing or refusing amendments, liberality of amendment is the rule and denial is the exception. Townsend v. Mid-America Pipeline Co., 168 N.W.2d 30 (Iowa). True, defendant should have filed its second amendment much earlier. But the pleadings were in a somewhat confused state, and defendant had been ordered to make its amended answer more specific. Too, plaintiff could hardly have been surprised by the second amendment spelling out arson as a defense. Surprise is belied by plaintiff's effort to avoid a jury trial in her home county and by defendant's hinting at arson in its prior pleadings. Moreover, plaintiff inquired about arson and fire marshal reports in her interrogatories, dealt with arson in the discovery depositions, and made arson the subject of her motion in limine before defendant's second amendment was filed.

We think the motion to strike should have been overruled. On remand, the answer as twice amended will stand and further pleadings may be filed by the parties. Webber v. E. K. Larimer Hardware Co., 234 Iowa 1381, 15 N.W.2d 286.

We need not decide whether defendant's answer as originally amended was legally sufficient to raise the defense of arson.

II. As to the motion in limine, arson is of course difficult to establish, and proof of it usually rests in circumstantial evidence. Koonts v. Farmers Mut. Ins. Assn., 235 Iowa 87, 16 N.W.2d 20; Ohlson v. Sac County Farmers Mut. Fire Ins. Assn., 191 Iowa 479, 182 N.W. 879. Whether defendant will be able to substantiate its plea of arson sufficiently to generate a jury issue cannot be known until the evidence is in, but defendant has the right to try.

The motion in limine is a useful tool, but care must be exercised to avoid indiscriminate application of it lest parties be prevented from even trying to prove their contentions. That a plaintiff may have a thin case or a defendant a tenuous

defense is ordinarily insufficient justification for prohibiting such party from trying to establish the contention. Nor should a party ordinarily be required to try a case or defense twice—once outside the jury's presence to satisfy the trial court of its sufficiency and then again before the jury. Moreover, the motion in limine is not ordinarily employed to choke off an entire claim or defense, as it was here regarding arson. Rather, it is usually used to prohibit mention of some specific matter, such as an inflammatory piece of evidence, until the admissibility of that matter has been shown out of the hearing of the jury. E. g., Mead v. Scott, 256 Iowa 1285, 130 N. W.2d 641 (previous accidents); Wagner v. Larson, 257 Iowa 1202, 136 N.W.2d 312 (collateral benefits and marital trouble); Baysinger v. Haney, 155 N.W.2d 496 (Iowa) (indirect revelation of contents of privileged report). Numerous other illustrations are set out in Davis, The Motion In Limine—A Neglected Trial Technique, 5 Washburn L.J. 232. See also Holtorf, Motions to Limit Evidence, 46 Neb.L.Rev. 502.

We deem this appeal an appropriate one in which to say that cases are coming to this court revealing questionable use of the motion in limine—questionable in the manner of its use or in its use at all. The motion is a drastic one, preventing a party as it does from presenting his evidence in the usual way. Its use should be exceptional rather than general. Trial counsel would be well advised to keep in mind the suggestions found in Sidney, Motion in Limine, Workshop Outlines at Ninety-Second Annual Meeting, Iowa State Bar Association, A1 at A8–A9 (1965). The motion should be used, if used at all, as a rifle and not as a shotgun, pointing out the objectionable material and showing why the material is inadmissible and prejudicial. Since no one knows exactly how the trial will proceed, trial courts would ordinarily be well advised to require an evidentiary hearing on the mo-

tion when its validity or invalidity is not manifest from the face of the motion.

Reversed.

All Justices concur.