**Forrest F. McCLUNEY, Plaintiff-Appellant, Cross-Appellee,**

v.

**JOS. SCHLITZ BREWING CO., Defendant-Appellee, Cross-Appellant.**

Nos. 82–2978, 82–3059.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 13, 1983.
Decided Feb. 27, 1984.

which brought about his discharge. The district court found that McCluney was dismissed because of his inability to accept a company decision. On appeal, McCluney raises five issues:

I. Whether the district court erred in holding that McCluney failed to make a *prima facie* case for retaliatory discharge;

II. Whether the district court placed the proper burden of proof upon McCluney;

III. Whether the district court improperly found that McCluney failed to make a convincing showing that his position regarding the discriminatory nature of the transfer decision caused his discharge;

IV. Whether the district court erroneously dismissed McCluney's claim for wrongful discharge; and

V. Whether the district court erred in excluding evidence regarding McCluney's complaints about other practices of Schlitz and in excluding the initial determination of the Wisconsin Department of Industry, Labor and Human Relations?

Schlitz cross-appeals claiming that McCluney's action is barred by res judicata. For the reasons stated below, this Court affirms the decision of the district court.

J. Michael Vaughan, Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, P.C., Kansas City, Mo., for plaintiff-appellant, cross-appellee.

Paul V. Lucke, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, Wis., for defendant-appellee, cross-appellant.

Before POSNER and FLAUM, Circuit Judges, and GRANT, Senior District Judge.*

GRANT, Senior District Judge.

Plaintiff-Appellant, Forrest F. McCluney, sued Defendant-Appellee, Jos. Schlitz Brewing Co., alleging retaliatory discharge in violation of 42 U.S.C. § 2000e–3(a) (1976). McCluney claimed that he was terminated from his employment because he expressed opposition to Schlitz' allegedly discriminatory employment practices. In an unpublished decision and order, the United States District Court for the Eastern District of Wisconsin held that McCluney had failed to show that it was his position regarding discriminatory practices

### Facts

In May 1975, Schlitz promoted McCluney from his position of plant manager at their Winston-Salem, North Carolina brewery to that of vice president of operations at Schlitz' corporate headquarters in Milwaukee, Wisconsin. McCluney moved to Milwaukee immediately and upon his arrival there, began requesting that his secretary at the Winston-Salem brewery, Rinne, be transferred to Milwaukee. Schlitz denied McCluney's request because it had provided McCluney with a competent secretary in Milwaukee and had a company policy

* Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

against transferring secretaries between locations.

McCluney, not easily dissuaded, continued his pursuit of the transfer of his former secretary through the summer of 1975. On August 22, the executive vice president and general manager of Schlitz met with McCluney and told him that the decision not to transfer the former secretary was final. McCluney threatened to quit unless Schlitz complied with his request for the transfer. Schlitz, undaunted by McCluney's brinkmanship, discharged McCluney on August 25.

McCluney initiated several actions against Schlitz and, in the instant action, claims that Schlitz dismissed him in retaliation for his opposition to a sexually discriminatory company transfer policy in violation of 42 U.S.C. § 2000e–3(a) (1976). Schlitz contends that it discharged McCluney because of his threat to resign, his unwillingness to accept a top-level decision regarding the transfer of Rinne, his obstinance in pursuing the matter after a number of discussions and a question of whether McCluney had properly set his priorities with respect to his job.

### Issues

I.  Whether the district court erred in holding that McCluney failed to make a *prima facie* case for retaliatory discharge?

■ The trying of Title VII actions involves a three-step procedure.

First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981), citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the defendant fails to persuade the fact-finder to dismiss the action for lack of a *prima facie* case at the close of the plaintiff's evidence, and if the defendant goes forward and offers evidence of the reason for the plaintiff's dismissal, the fact-finder must decide the ultimate question of discrimination *vel non. See United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). "In short, the district court must decide which party's explanation of the employer's motivation it believes." *Aikens,* 103 S.Ct. at 1482.

The order of proof in Title VII cases need not be rigidly compartmentalized. The district court's findings should "be sufficiently clear and explicit so that the findings can be examined in the light of the evidence in the record and applicable legal principles." *Sumner v. San Diego Urban League, Inc.,* 681 F.2d 1140, 1142 (9th Cir.1982) citing *Worthy v. United States Steel Corp.,* 616 F.2d 698, 701 (3d Cir.1980). Where the analysis articulated by the district court does not follow the "paradigm of the shifting burdens" outlined in *Burdine,* 450 U.S. at 248, 101 S.Ct. at 1089, a reviewing court may uphold the district court's decision if the result in the case would be the same. *See, e.g., Sherkow v. State of Wisconsin, Department of Public Instruction,* 630 F.2d 498 (7th Cir.1980).

In the present case, the district court, after hearing two and one-half days of testimony which is reflected in a record consisting of 665 pages and involved direct evidence by both parties as well as rebuttal evidence by McCluney, found that "the plaintiff has not made a convincing showing that it was his position regarding the discriminatory nature of the transfer decision which brought about his discharge." *McCluney v. Jos. Schlitz Brewing Co.,* No. 79–C–647, slip op. at 7 (D.Wis. Nov. 9, 1982). The district court clearly stated that the evidence was "insufficient to support a

finding that Mr. McCluney had actually challenged as discriminatory the defendant's transfer policies," *id.* at 5, and the evidence did not "establish the reasonableness of Mr. McCluney's beliefs on that topic [discriminatory transfer policies]," *id.* at 6.

■ Since both sides proffered evidence in the instant case and since "[t]he district court ha[d] before it all the evidence it need[ed] to decide whether 'the defendant intentionally discriminated against the plaintiff,'" *Aikens,* 103 S.Ct. at 1482, citing *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093–1094, questions regarding the establishment of a *prima facie* case are irrelevant. *See Aikens,* 103 S.Ct. at 1482 ("Where the defendant has done everything that would be required of him if the plaintiff had properly made out a *prima facie* case, whether the plaintiff really did so is no longer relevant.") Therefore, we will not consider whether the district court erred with respect to the establishment of a *prima facie* case of retaliatory discharge.

II. Whether the district court placed the proper burden of proof upon McCluney?

"It is the plaintiff's burden under Title VII to demonstrate discrimination by the preponderance of the evidence." *Clark v. Chrysler Corporation,* 673 F.2d 921, 926 (7th Cir.), *cert. denied,* 459 U.S. 873, 103 S.Ct. 161, 74 L.Ed.2d 134 (1982), citing *Furnco Construction Corporation v. Waters,* 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978); *see also Sonia v. Ozinga Bros., Inc.,* 704 F.2d 990, 997 (7th Cir.1983); *Sherkow,* 630 F.2d at 502.

At the outset of its opinion, the district court stated that "[i]n order to prevail on his claim, McCluney must prove to the court, by a preponderance of the evidence, that ...." *McCluney,* slip op. at 1. The district court next focused on whether McCluney ever mentioned his alleged belief that Schlitz' transfer policy was discriminatory or whether McCluney's belief about the discriminatory nature of that policy was reasonable, and whether a causal connection existed between his position regarding the

discriminatory nature of the transfer decision and his discharge. The district court decided all three questions in Schlitz' favor after a review of the evidence.

■ The district court concluded that "the plaintiff has not made a *'convincing'* showing that it was his position regarding the discriminatory nature of the transfer decision which brought about his discharge." *McCluney,* slip op. at 7 (emphasis added). McCluney concentrates on the word "convincing" and contends that too high a burden of proof was placed upon him. After a thorough review of the record and in light of the burden of proof set out by the district court in the opening paragraphs of its opinion, this Court finds that the district court properly determined that there was insufficient evidence to find a retaliatory discharge by a preponderance of the evidence. This Court assumes that the use of the word *"convincing"* by the district court was a matter of poor choice and not one of ignorance as to the proper burden of proof.

III. Whether the district court improperly found that McCluney failed to make a convincing showing that his position regarding the discriminatory nature of the transfer decision caused his discharge?

"Ordinarily, an appellate court will not set aside a trial court's findings, particularly where those findings are based primarily on the credibility of witnesses." *Lee v. National Can Corporation,* 699 F.2d 932, 936 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983). A reviewing court will set aside those findings only if they are clearly erroneous. "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.,* quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). A review of the entire record in the instant case does not leave this Court with a

conviction that such a mistake has been made.

Title VII does not grant relief to individuals who were "discharged for any reason other than discrimination ... in violation of section 2000e–3(a) of this title." 42 U.S.C. § 2000e–5(g) (1976). In determining whether a plaintiff is protected by Title VII, the Seventh Circuit applies a "but for" test. *See Sherkow,* 630 F.2d at 502. McCluney must have shown the district court that but for his opposition to a protected activity he would not have been fired. He must have proven discrimination " 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.' " *Mason v. Continental Illinois National Bank,* 704 F.2d 361, 366 (7th Cir.1983), quoting *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095.

█ McCluney failed to show the district court that his opposition to a Schlitz policy, which, in fact, did discriminate against women, or which he reasonably believed to discriminate against women, caused his discharge. After hearing all of the testimony and reviewing all of the exhibits, the district court simply decided that it believed Schlitz' explanation of its motivation for dismissing McCluney, i.e., that McCluney was dismissed because of his inability to accept a company decision. "An appellate court cannot substitute its interpretation of the evidence for that of the trial court simply because the reviewing court 'might give facts another construction, resolve the ambiguities differently, and find a more sinister cast to actions which the District Court apparently deemed innocent.' " *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 857–58, 102 S.Ct. 2182, 2190, 72 L.Ed.2d 606 (1982) quoting *United States v. Real Estate Boards,* 339 U.S. 485, 495, 70 S.Ct. 711, 717, 94 L.Ed. 1007 (1950). This Court will set aside findings based on witness credibility only if they are clearly erroneous. *Hornick v. Noyes,* 708 F.2d 321, 325–26 (7th Cir.1983); *See Lee,* 699 F.2d at

936. After a careful review of the record, this Court finds no basis for questioning the district court's implicit credibility determinations.

IV. Whether the district court erroneously dismissed McCluney's claim for wrongful discharge?

In light of a recent decision by the Wisconsin Supreme Court, *Brockmeyer v. Dun & Bradstreet,* 113 Wis.2d 561, 335 N.W.2d 834 (1983), McCluney has abandoned his wrongful discharge claim. This Court appreciates McCluney's candor and moves on to the final issue.

V. Whether the district court erred in excluding evidence regarding McCluney's complaints about other practices of Schlitz and in excluding the initial determination of the Wisconsin Department of Industry, Labor and Human Relations?

"[D]ecisions regarding the admission and exclusion of evidence are peculiarly within the competence of the district court and will not be reversed on appeal unless they constitute a clear abuse of discretion." *Ellis v. City of Chicago,* 667 F.2d 606, 611 (7th Cir.1981). "[A]n abuse of discretion is established only where no reasonable man could agree with the district court; if reasonable men could differ as to the propriety of the court's action, no abuse of discretion has been shown." *Binks Manufacturing Company v. National Presto Industries, Inc.,* 709 F.2d 1109, 1115 (7th Cir.1983) (citations omitted).

A. Evidence regarding complaints about other practices.

█ In rebutting an employer's offer of a legitimate nondiscriminatory reason for the employee's dismissal, the employee may use "[o]ther evidence that may be relevant to any showing of pretext includ[ing] facts as to the [employer's] ... general policy and practice with respect to minority employment." *McDonnell Douglas,* 411 U.S. at 804–05, 93 S.Ct. at 1825.

■ The district court excluded all McCluney's evidence regarding alleged discrimination against females, except evidence pertaining to Schlitz' transfer policy. The district court found that McCluney offered the evidence to show that his past behavior exhibited a character trait for sincere and honest concern for female employees and that McCluney was offering it to show that he acted in accordance with that trait when he opposed the transfer policy which was preventing the transfer of his former secretary, Rinne. Fed.R.Evid. 404(a) prohibits the use of character trait evidence in this way.

The evidence in McCluney's Offer of Proof does not fall under the exception to Fed.R.Evid. 404(a) which allows evidence of other acts to be admitted for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R. Evid. 404(b). While Fed.R.Evid. 404(b) was intended to be a rule of inclusion, *see United States v. Long,* 574 F.2d 761, 766 (3d Cir.), *cert. denied,* 439 U.S. 985, 99 S.Ct. 577, 58 L.Ed.2d 657 (1978), the rule does not include prior comments about sexual discrimination offered to prove a reasonable belief of discrimination in a completely unrelated event. If the district court had allowed the offered evidence in, it would have had to explore whether McCluney had a reasonable belief of discrimination in each instance and would have had to allow Schlitz the opportunity to counter each instance. The evidence would have consumed a great deal of the district court's time and had very slight probative value with respect to the transfer of McCluney's former secretary, Rinne. "Although relevant, evidence may be excluded if its probative value is substantially outweighed ... by considerations of undue delay, waste of time...." Fed.R.Evid. 403.

> An appellate court is hardly in a position to reevaluate, based on a cold record, the helpfulness of certain testimony or the subtle balancing of factors contained in Rule 403. The trial judge's decision on issues must be a clear abuse of discretion to justify reversal and a new trial.

*Bohannon v. Pegelow,* 652 F.2d 729, 732 (7th Cir.1981). The record does not reveal a clear abuse of discretion by the district court.

**B. The Wisconsin DILHR determination.**

The district court refused to admit into evidence the initial determination of the Wisconsin Department of Industry, Labor and Human Relations, Equal Rights Division.

A DILHR initial determination letter results from an *ex parte* investigation and indicates that the department has found probable cause to believe that discrimination was, or is being, committed. The department may attempt to eliminate the discrimination informally; or, if informal means fail, the department may serve notice, hold a hearing, and fashion a remedy. *See* Wis.Stat.Ann. § 111.39(4) (West Supp. 1983).

While the district court did not specifically articulate its reason for excluding the DILHR initial determination, the record reflects that Schlitz offered two bases for that court's decision. First, the initial determination resulted from an *ex parte* proceeding, and its contents did not stem from an evidentiary hearing. Such evidence would have unduly prejudiced Schlitz and had low probative value and little relevancy. And second, the initial determination included the evidence excluded by the district court which had been offered for improper purposes.

■ Plaintiffs in Title VII actions do not have an absolute right to admit into evidence the result of *ex parte* determinations by agencies reviewing their claims. *See Denny v. Hutchinson Sales Corporation,* 649 F.2d 816, 821–22 (10th Cir.1981); *Cox v. Babcock and Wilcox Company,* 471 F.2d 13, 15 (4th Cir.1972); *Heard v. Mueller Company,* 464 F.2d 190, 194 (6th Cir.1972). The district court has discretion over the admission or exclusion of these determinations and may properly weigh their relevancy, probative value, potential prejudicial effect,

etc. *See Denny,* 649 F.2d at 821–22; *Cox,* 471 F.2d at 15; Fed.R.Evid. 403.

■ The district court in the instant case had two valid reasons for excluding the DILHR determination: the *ex parte* nature of the proceedings and the prior exclusion of evidence included in the determination. The district court properly weighed the evidence under Fed.R.Evid. 403 and, therefore, did not abuse its discretion.

### Res Judicata

Having affirmed the decision of the district court on the merits, this Court need not consider whether res judicata bars McCluney's Title VII action.

The decision of the district court is AF-FIRMED on the merits.