SUNDSTRAND CORPORATION AND SUBSIDIARIES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 26230-83.     Filed October 20, 1987.

*John C. Klotsche, Michael Waris,* and *Mark Oates,* for the petitioner.

---

*James Kidd, Joel Arnold,* and *David Zoss,* for the respondent.

OPINION

HAMBLEN, *Judge*: This matter is before the Court on petitioner's motion in limine filed on August 11, 1987, seeking to exclude from the trial of this case evidence of financial data and income tax returns for years subsequent to the years in issue[1] (post-taxable-years' financial data or data). The matter was argued by counsel and heard by the Court on August 14, 1987, and respondent's objection to the motion was filed August 31, 1987.

Petitioner, is a U.S. (Delaware) corporation in Rockford, Illinois. Sundstrand Pacific (PTE) Ltd. (SunPac) is a wholly owned subsidiary of petitioner and is located in Singapore. The central issue involved in this litigation concerns certain adjustments and allocations made and determined by respondent pursuant to section 482[2] with respect to transactions between petitioner and its subsidiary. Respondent determined that the prices at which SunPac sold its products to petitioner during the years at issue were not at arm's length and, acting under the authority of section 482, has allocated certain amounts of SunPac's income to petitioner. Petitioner contends that such prices were at arm's length and that respondent's determinations and allocation are in error.

The petition in this case was filed with the Court on September 12, 1983, and the case has been at issue since October 24, 1983. After approximately 4 years, discovery is complete and the case is now proceeding through the stipulation process toward trial. The trial is scheduled to commence on November 30, 1987.[3]

During the stipulation process, respondent requested petitioner to stipulate to post-taxable-years' financial data. Specifically, respondent proposed the following paragraphs for stipulation:

---

[1]The taxable years in issue are 1977 and 1978.

[2]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue.

[3]Reference is hereby made to our previous memoranda sur order and to our opinion in T.C. Memo. 1986-531 for further particulars concerning the background of this litigation, other discovery, and our rulings with respect to same.

92. Attached hereto as Exhibits 63-BK through 67-BO are copies of petitioner's Information Returns with respect to Controlled Foreign Corporations (Forms 2952) with respect to SunPac for 1976 through 1980, respectively. Petitioner objects to the admission of Exhibits 66-BN and 67-BO because of its view that these documents are irrelevant.

93. Attached hereto as Exhibits 68-BP through 72-BT are SunPac's Annual Financial Statements for fiscal years ending November 30, 1976 through November 30, 1980, respectively. All amounts shown in these Financial Statements are stated in Singapore dollars. The average exchange rate for all times material was 2.46 Singapore dollars to one United States dollar. Petitioner objects to the admission of Exhibits 71-BS and 72-BT on the grounds that they are irrelevant.

101. Attached hereto as Exhibits 78-BZ through 81-CC are petitioner's Annual Reports to the Securities and Exchange Commission (Forms 10-K) for 1976 through 1979, respectively, which include petitioner's Annual Report to its shareholders. Petitioner objects to the admission of Exhibit 81-CC because of its view that it is irrelevant.

Petitioner agreed to stipulate to the 1976, 1977, and 1978 documents described in the proposed stipulation. However, as noted in the proposed stipulation, petitioner, pursuant to Rules 401 and 402, Federal Rules of Evidence (FRE), questioned the relevancy of described exhibits tied to taxable years subsequent to those in issue.[4]

Consequently, as above noted, petitioner filed its motion in limine to exclude evidence relating to the post-taxable-years' financial data. The premise of petitioner's motion is that the evidence is irrelevant and, therefore, inadmissible under rule 402, FRE. Alternatively, petitioner contends that, even if the evidence is relevant, the data is still properly excludable as a waste of time under rule 403, FRE. Petitioner asserts that the presentation of rebuttal evidence to dispel any inferences arising from the post-taxable-years' financial data would needlessly and geometrically expand the scope of both the stipulations and trial.

In his objection to petitioner's motion, respondent submits that the post-taxable-years' financial data is relevant. Respondent suggests that the data is helpful in increasing the Court's knowledge of the facts, and it provides a consistent overview to confirm his contention that an inappropriate intercompany pricing mechanism existed be-

---

[4]Pursuant to sec. 7453 and Rule 143(a), Tax Court Rules of Practice and Procedure, this Court follows the Federal Rules of Evidence as adopted by the U.S. District Court for the District of Columbia.

tween petitioner and SunPac for the years in issue. Respondent, however, relates that he does not base his determination solely on the post-taxable-years' financial data nor does he intend to use this data as evidence to support a specific method of making a section 482 reallocation. In response to petitioner's rule 403 argument, respondent asserts that the probative value of this evidence is not substantially outweighed by considerations of undue delay or waste of time.

As a preliminary matter, during the hearing on August 14, 1987, respondent asserted that, under Rule 91(a)(1), Tax Court Rules of Practice and Procedure, an objection to the relevancy of evidence is not an adequate ground for a party's failure to stipulate to evidence. We note that Rule 91(a)(1) does not prevent this Court from considering a properly raised motion in limine to exclude evidence. It has been recognized that a motion in limine is a litigation weapon to be utilized discriminately. *Lewis v. Buena Vista Mutual Insurance Association,* 183 N.W.2d 198, 200-201 (Iowa 1971). The motion "should be used, if used at all, as a rifle and not as a shotgun." *Lewis v. Buena Vista Mutual Insurance Association,* 183 N.W.2d at 201. With those principles in mind, we find that by ruling on the admissibility of the data before us, we can effectively aim at the elimination of potentially superfluous material which would drastically and needlessly prolong the trial in this case. By promoting judicial efficiency, such pre-trial ruling on the admissibility of evidence is appropriate and efficient. *In Re Japanese Electronic Products,* 723 F.2d 238, 260 (3d Cir. 1983), revd. on other grounds 475 U.S. 574 (1986). Thus, this Court may expeditiously exercise its discretionary powers to determine the admissibility of the evidence at issue.

Upon careful consideration of the parties' arguments, we agree with petitioner that the post-taxable years' financial data should be excluded under rule 403, FRE.

Rule 403, Federal Rules of Evidence, provides:

### EXCLUSION OF RELEVANT EVIDENCE ON GROUNDS OF PREJUDICE, CONFUSION, OR WASTE OF TIME

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of

the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 403 does not provide a "mechanical solution" to admittance of evidence but rather requires this Court to balance the probative value of the evidence against its potential for undue delay and waste of trial time. *McCluney v. Jos. Schlitz Brewing Co.,* 728 F.2d 924, 929 (7th Cir. 1984); *United States v. Dolliole,* 597 F.2d 102, 105-106 (7th Cir. 1979).[5] This we are prepared to do.

Any decision to allow or to exclude evidence under rule 403 must be based on a detailed analysis of the specific facts of the case at hand. *In Re Agent Orange Product Liability Lit.,* 611 F. Supp. 1223, 1255 (E.D. N.Y. 1985); see *Wilk v. American Medical Association,* 719 F.2d 207 (7th Cir. 1983). While courts properly are reluctant to exclude relevant evidence unless there is a powerful and compelling reason to do so, courts will be more likely to exclude evidence whose probative value is extremely low. *In Re Agent Orange Product Liability Lit.,* 611 F. Supp. at 1255.

Exclusion of evidence of low probative value is particularly appropriate when admission would result in expenditure of substantial trial time. In complex and protracted litigation, waste of the trier's time is a particularly telling factor. *In Re Agent Orange Product Liability Lit.,* 611 F. Supp. at 1256. See *Weit v. Continental Ill. Nat. Bank & Trust Co.,* 641 F.2d 457 (7th Cir. 1981), cert. denied 455 U.S. 988 (1982). The waste-of-time ground for exclusion is particularly persuasive when detailed rebuttal testimony would be necessary to establish that the proffered evidence lacks probative worth. *In Re Agent Orange Product Liability Lit.,* 611 F. Supp. at 1256. See *McCluney v. Jos. Schlitz*

[5]Courts have broad discretion in making exclusionary rulings under rule 403. *Magayanes v. Terrance,* 739 F.2d 1131, 1136 (7th Cir. 1983); *United States v. Beechum,* 582 F.2d 898, 914 (5th Cir. 1978); *United States v. Clavey,* 565 F.2d 111, 115 (7th Cir. 1977). A discretionary ruling may only be overturned upon a clear abuse of discretion. *McCluney v. Jos. Schlitz Brewing Co.,* 728 F.2d 924, 929 (7th Cir. 1984); *United States v. Weston,* 708 F.2d 302, 308 (7th Cir. 1983).

Furthermore, we note that rule 102, Federal Rules of Evidence, provides that:

"These rules shall be construed to secure fairness in administration, *elimination of unjustifiable expense and delay,* and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined. [Emphasis supplied.]"

*Brewing Co.,* 728 F.2d 924, 929 (7th Cir. 1984); *Kim v. Coppin State College,* 662 F.2d 1055, 1066 (4th Cir. 1981).[6]

The case before us is a protracted and complex section 482 case involving taxable years 1977 and 1978. This case has been at issue since October 24, 1983. As of August 14, 1987, petitioner and respondent had stipulated to 138 paragraphs involving close to 250 exhibits. More stipulations and exhibits are forthcoming. In light of the large amount of evidence already agreed to by the parties, evidence which respondent labels as a helpful illustration of the existence of an inappropriate pricing mechanism must be of direct probative value to this trial to counterbalance the waste of the Court's time. The post-taxable-years' financial data consists of petitioner's Information Returns with respect to Controlled Foreign Corporations (I.R.S. Forms 2952) for the years 1979 and 1980, petitioner's Annual Report to the Securities and Exchange Commission (SEC Form 10-K) for the year 1979, and SunPac's financial statements for fiscal years 1979 and 1980. We have carefully weighed the probative value of the post-taxable-years' financial data against the potential for undue delay and waste of trial time. For the following reasons, we hold that considerations of undue delay and waste of time substantially outweigh the probative value of the post-taxable years' financial data.

In cases with extensive records, we must attempt to limit our consideration to those facts ascertainable at the close of the taxable years before the Court. *Southern Pacific Transportation Co. v. Commissioner,* 75 T.C. 497, 668 (1980). The post-taxable-years' financial data focuses on aggregate sales and profit figures. Aggregate figures for subsequent years do not bear a direct relationship to prices, sales, and profits associated with the sale of any individual product in a previous year. As such, we find that the post-taxable-years' financial data are of low, if any, probative value.

If the evidence is stipulated, the length and complexity of an already long and complex section 482 trial will be

[6]See also *City of New York v. Pullman Inc.,* 662 F.2d 910, 915 (2d Cir. 1981), where an interim report was excluded under rule 403 because its admission:

"would have been likely to protract an already prolonged trial with an inquiry into collateral issues regarding the accuracy of the report and the methods used in its compilation."

extended.[7] The small contribution, if any, made to the understanding of this case's facts by the data's presentation is substantially outweighed by the significant amount of time which would be wasted in this presentation.[8]

Accordingly, evidence of post-taxable-years' financial data is excluded under rule 403, Federal Rule of Evidence.

To reflect the foregoing,

*An appropriate order will be issued.*

---

[7] This concession to trial time is not only "a concession to the shortness of life" (*Reeve v. Dennett,* 145 Mass. 23, 28, 11 N.E. 938, 944 (1887)), but, more directly, a concession to the necessity of efficient use of limited judicial resources in this time of crowded court calendars. Dolan, "Rule 403, The Prejudice Rule in Evidence," 49 S. Cal. L. Rev. 220, 243 (1976).

[8] Respondent notes that in *Eli Lilly & Co. v. Commissioner,* 84 T.C. 996, 1153 n. 89 (1985), this Court examined 1973 data to determine the expenses properly chargeable to cost of goods sold in 1971. However, the 1973 taxable year was at issue in that case. On the other hand, in *G.D. Searle v. Commissioner,* 88 T.C. 252 (1987), this Court did not allow the introduction of evidence occurring in later years not in issue. We find the fact that the data at issue in this case is from post-taxable years is a critical distinction from the *Lilly* case.

Further, in his memorandum, respondent quotes language from *Builders Steel Co. v. Commissioner,* 179 F.2d 377 (8th Cir. 1950), to admonish us to deny petitioner's motion. The quoted language relates that a court of appeals will "easily" reverse strict rulings by trial court judges limiting the admissibility of evidence. *Builders Steel Co.* was decided prior to the enactment of rules 401-403, FRE. Moreover, the First Circuit notes that the rule of *Builders Steel Co.* is subject to the concerns of inadmissibility, privilege, and time consumption. *Eagle-Picher Industries, Inc. v. Liberty Mutual Insurance Inc.,* 682 F.2d 12, 18 (1st Cir. 1982). See also *Toys R Us, Inc. v. Canarsie Kiddie Shop, Inc.,* 559 F. Supp. 1189, 1202-1203 (E.D. N.Y. 1983). Accordingly, given our findings in this opinion, we do not find respondent's quotation from *Builders Steel Co.* to be apposite.

