**Rajapakse A. JAYASINGHE, Plaintiff-Appellant,**

v.

**BETHLEHEM STEEL CORPORATION, Defendant-Appellee.**

No. 84–2028.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 15, 1985.

Decided April 12, 1985.

Posner, Circuit Judge, concurred with opinion.

P. Andrew Fleming, Bell, Boyd & Lloyd, Chicago, Ill., for plaintiff-appellant.

Gordon A. Etzler, Hoeppner, Wagner & Evans, Valparaiso, Ind., for defendant-appellee.

Before WOOD and POSNER, Circuit Judges, and SWYGERT, Senior Circuit Judge.

SWYGERT, Senior Circuit Judge.

Rajapakse Jayasinghe, a fifty-one-year-old male naturalized citizen from Sri Lanka, filed a Title VII action alleging that the Bethlehem Steel Corporation had denied him a promotion because of his sex and national origin, in violation of 42 U.S.C. § 2000e–2(a)(1) (1982). After a two-day bench trial, the case was taken under advisement. Almost two years later, the district judge entered judgment for Bethlehem, reasoning that Jayasinghe had failed to establish his qualification for promotion to a supervisory position. We affirm.

At trial Jayasinghe, a chemist, established that the two white, "Anglo," female

chemists promoted in his stead possessed inferior objective qualifications. Jayasinghe had earned a Master's Degree in chemistry, had briefly taught at the college level, had worked as a foreman in a chemical factory for six years, and had been employed as a "chemist technician" at Bethlehem since August 1973. Neither of the women promoted ahead of him had received a Master's Degree and both had considerably less job experience as chemists. Bethlehem introduced personnel documents and testimony tending to show that Jayasinghe lacked the interpersonal skills necessary for a supervisory position.

The district judge found that Jayasinghe had failed to prove by a preponderance of the evidence that he was qualified for the supervisory position he sought. The position required the employee to work closely with others. But, the "overwhelming preponderance of the evidence established that plaintiff was secretive, asocial and occasionally quarrelsome, and that plaintiff was not promoted to a supervisory position because of the reasonable, prevailing perception of him as one who did not work well with others." Memorandum Opinion at 6. That the females who were promoted possessed the requisite "personality characteristics" was "established with equal clarity." *Id.* Because Jayasinghe failed to establish his qualification for promotion, he did not succeed in establishing a prima facie case of discrimination; therefore, the district judge entered judgment for Bethlehem.

■ We hold that the district judge erred in defining a prima facie case of discrimination to include such subjective

qualifications as "personality characteristics." Nevertheless, we affirm because this error was harmless. 28 U.S.C. § 2111 (1982).

■ The template for analyzing Title VII discrimination claims was first announced by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[1] In the first phase of analysis, the plaintiff must prove by a preponderance of the evidence a prima facie case of discrimination, which includes, *inter alia*, a showing that he was "qualified" for the job sought. *Id.* at 802, 93 S.Ct. at 1924, *see also Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253–54, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). This burden is "not onerous," and it serves two separate policies. *See Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093. First, "it eliminates the most common nondiscriminatory reasons for the plaintiff's rejection." *Id.* at 254, 101 S.Ct. at 1094. That is, the prima facie burden is a useful barrier that serves to screen out unsubstantiated discrimination charges. The employer is spared unnecessary litigation expense by its ability to file a motion to dismiss, a motion for summary judgment, or a motion for directed verdict where the plaintiff fails to distinguish his or her case from the ordinary, legitimate kind of adverse personnel decision—i.e., where the plaintiff is not in a protected class, where he or she has not applied for or is not qualified for the job, or where the desired position is not available or open. *Cf. McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824 (defining elements of prima facie case).

---

**1.** As modified by the Court in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), the template is as follows. In a disparate treatment action, a plaintiff establishes a prima facie case by proving by a preponderance of the evidence that he is a member of a protected class, that he applied and was qualified for a job for which the employer was seeking applicants, that he was rejected despite his qualifications, and that the employer either filled the position or continued to seek applicants from persons of plaintiff's qualifications. This creates a presumption of discrimination that may be rebutted by the employer by coming forward with evidence of legitimate reasons for its employment decision that raises a genuine issue of fact as to whether it discriminated against the plaintiff. The plaintiff then may demonstrate that the employer's purportedly legitimate motives were pretextual, and his burden to do so merges with his ultimate burden of persuading the court that he has been the victim of intentional discrimination. This ultimate burden remains at all times with the plaintiff.

Second, in view of the difficulty in proving discriminatory intent where the employer is too sophisticated to implicate itself or where the discrimination is subtle or unconscious, the prima facie threshold offers the plaintiff an opportunity to prove discriminatory intent indirectly. *Cf. La Montagne v. American Convenience Products, Inc.*, 750 F.2d 1405, 1409–10 (7th Cir.1984) (explaining this aspect of *McDonnell Douglas* and applying the template to an age discrimination case). "[T]he prima facie case 'raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.' " *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094 (quoting *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978)).

■ Requiring proof of subjective qualifications at the prima facie phase of analysis does not serve either of these policies. As for the first policy, surely it is uncommon for an employer to reject applicants with unrivaled or superior objective qualifications, as was the case here.[2] As for the second, forcing the plaintiff at the outset to prove subjective qualifications subverts the indirect method of proof by requiring, in turn, proof of the subjective standards and motives of the employer. The purpose of the indirect method of proof is precisely to escape the necessity of showing direct subjective intent. *See La Montagne*, 750 F.2d at 1409–10. In addition, the employer is in a better position to come forward with evidence of its own subjective job requirements. By removing subjective job requirements from the prima facie phase of

analysis, the plaintiff may create a rebuttable presumption of discrimination without direct proof of subjective intent. Then, the burden would shift to the employer to explain its subjective requirements and motives. *See Burdine*, 450 U.S. at 253–56, 101 S.Ct. at 1093–95. Thus, the policies behind the *McDonnell Douglas* template would best be served by limiting the prima facie showing of "qualification" to relative objective qualifications.[3]

■ Although the district judge erred in defining subjective job qualifications as an element of a prima facie case, the Supreme Court has indicated that such an error can be harmless. In *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713–14, 103 S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 (1983), the Court was dismayed by the parties' persistence in discussing the elements of a prima facie case after the plaintiff was already afforded a full trial on the merits. The Court noted that the prima facie threshold is no longer a relevant issue once the defendant has come forward with evidence of legitimate reasons for its actions that would rebut a prima facie showing of discrimination. *Id.* at 714–15, 103 S.Ct. at 1481–82. The relevant issue is whether the district judge reached, and without committing clear error decided, the ultimate question in this case: Did the defendant intentionally discriminate against the plaintiff? *See id.* at 715, 103 S.Ct. at 1482. The appellate court must reverse, however, if it "cannot be certain that ... [the district court's] findings of fact in favor of the ... [defendant]

---

**2.** The circuits that have removed subjective qualifications from the prima facie phase of analysis require a showing of only the minimum objective qualifications. *Burrus v. United Telephone Co. of Kansas, Inc.*, 683 F.2d 339, 342–43 (10th Cir.) (adopting Ninth Circuit rule, *see infra* ), cert. denied, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982); *Lynn v. Regents of the University of California*, 656 F.2d 1337, 1344–45 & n. 8 (9th Cir.1981) (only "basic objective criteria" need be met); *cf. Holder v. Old Ben Coal Co.*, 618 F.2d 1198, 1203 (7th Cir.1980) (Swygert, J., dissenting) (only minimum objective qualifications should be shown). This cir-

cuit, however, has stressed the need to weigh the plaintiff's relative qualifications at the prima facie phase of analysis. *Holder*, 618 F.2d at 1201–02.

Accordingly, the plaintiff's burden at the prima facie phase of analysis is to prove his relative objective qualifications. Jayasinghe easily met this burden by showing that his objective qualifications were superior to those possessed by the two persons who received promotions in his stead.

**3.** *See supra* note 2.

were not influenced by its mistaken view of the law." *Id.* at 717, 103 S.Ct. at 1483.

In the case at bar, the district judge did, *de facto*, reach and decide the ultimate issue, and we are certain that his mistaken view of the elements of a prima facie case did not influence his findings in favor of Bethlehem. Accordingly, the error below was harmless.

The parties were afforded a full trial on the merits, and nothing prevented Jayasinghe from introducing evidence establishing a prima facie case and then rebutting Bethlehem's explanation of its legitimate motives by showing them to be pretextual. Once Bethlehem came forward with evidence of its legitimate, subjective motives for denying promotion, the ultimate issue was joined as to whether to believe Jayasinghe's or Bethlehem's explanation of the latter's real motives. The district judge, properly placing the burden of proof on Jayasinghe, found that the "overwhelming" weight of the evidence supported Bethlehem's view of the facts. The district judge's only error was to label his ultimate finding that Jayasinghe was not subjectively qualified for the promotion as a finding of "no prima facie case" instead of "no pretext." Under the circumstances, this was a linguistic and taxonomic error, and

we can be certain that it did not influence his findings of fact in favor of Bethlehem.[4]

■ Jayasinghe argues, however, that this error is reversible because it rendered the court's "subsidiary findings" inadequate, thereby violating its duty to make specific findings of fact. Fed.R.Civ.P. 52(a); *see Rucker v. Higher Educational Aids Board,* 669 F.2d 1179, 1183 (7th Cir. 1982). This court in *Rucker* emphasized the district court's duty to make subsidiary findings and to address the evidence presented. *See also Mozee v. Jeffboat, Inc.,* 746 F.2d 365 (7th Cir.1984). But this duty does not mandate an elaborate discussion of the *McDonnell Douglas* template; the template is a tool, not an end in itself. Once the ultimate issue has been reached as to which party's explanation of motive to believe, the only subsidiary finding necessary is what facts persuade the court to prefer one party's version.

Here, the district judge cited the testimony of Richard Reynolds as establishing that Bethlehem considered "personality factors" in promoting employees to supervisory positions. The judge went on to conclude that he believed Bethlehem's evidence that Jayasinghe was "secretive, asocial, and occasionally quarrelsome" and that this disqualified him from a promotion. Memoran-

---

**4.** In his concurrence, Judge Posner contends that we need not decide whether the district court erred in its definition of a prima facie case; rather, we can simply decide that if any error was committed, it was harmless. As a general rule, a court should decide whether error was committed before considering whether it was harmless. For, one must define the parameters of error with some precision before the impact of the error can be assessed. Moreover, Judge Posner's reliance on *Aikens* is misplaced. Even though the Supreme Court in that case held that the elements of a prima facie case were no longer relevant once the defendant introduced rebuttal evidence at trial, the Court was nevertheless constrained to reverse because the district court's erroneous belief that the prima facie case required direct evidence of discriminatory intent may have affected its findings of fact. *Aikens,* 460 U.S. at 717, 103 S.Ct. at 1483. Similarly, in the case at bar, we must consider whether the district court's definition of the prima facie case was premised on an erroneous view of the law and then consider whether such error was harmless.

Judge Posner also seems to suggest that the majority opinion here adopts the dissent in *Holder* as the law of this circuit. But, as footnote 2, *supra,* makes clear, we adopt the *Holder* rule that requires relative qualifications to be shown at the prima facie phase of analysis, not the *Holder* dissent's proposed rule that requires a showing only of *minimum* qualifications.

It must be stressed that *Holder* says nothing about whether subjective criteria should be considered at the prima facie phase. No evidence concerning subjective job qualifications was introduced in that case: the case hinged on whether the objective criterion of job experience should be considered at the prima facie phase where the relevant position is an unskilled one. This court held that it should and that the plaintiff must be able to show that relative to other applicants he was qualified for the job. Applying the relativity principle of *Holder* to the case at bar, we hold that the prima facie showing of "qualification" for the job requires evidence of relative objective qualifications.

dum Opinion at 5–6. This sufficed to discharge the district judge's duty to "find the facts specially," Fed.R.Civ.P. 52(a), and because these findings were not clearly erroneous, we affirm.

POSNER, Circuit Judge, concurring.

The district judge found that the plaintiff was unqualified for the promotion he sought, the finding is not clearly erroneous, and that ought to be the end of our consideration. Since the plaintiff must lose, it is irrelevant what he did or did not have to show to make out a prima facie case (*United States Postal Service Bd. of Governors v. Aikens,* 460 U.S. 711, 713–14, 103 S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 (1983)); after trial, "questions regarding the establishment of a *prima facie* case are irrelevant," *McCluney v. Jos. Schlitz Brewing Co.,* 728 F.2d 924, 927 (7th Cir. 1984). It thus is completely unnecessary for us to decide whether, in order to make out a prima facie case of employment discrimination, a plaintiff must show that he met not only the employer's "objective" qualifications for the position but also the employer's "subjective" qualifications for it. Judge Swygert, dissenting in a previous case, took the position that the plaintiff need only show that he met the employer's objective qualifications, see *Holder v. Old Ben Coal Co.,* 618 F.2d 1198, 1203–04 (7th Cir.1980) (dissenting opinion); and the Ninth and Tenth Circuits have taken the same position. See *Lynn v. Regents of the University of California,* 656 F.2d 1337, 1344–45 (9th Cir.1981); *Burrus v. United Telephone Co.,* 683 F.2d 339, 342 (10th Cir.1982); *Verniero v. Air Force Academy School Dist. # 20,* 705 F.2d 388, 391 (10th Cir.1983). Judge Friendly took the opposite position in a case that my brethren do not cite, *Lieberman v. Gant,* 630 F.2d 60, 64 (2d Cir.1980) (dictum). The cases, including two in this circuit, which hold that members of a comparison pool in a statistical analysis of discrimination need only possess objective qualifications (see *Mozee v. Jeffboat, Inc.,* 746 F.2d 365, 372–73 (7th Cir.1984); *Caviale v. Wisconsin Dept. of Health & Social Services,* 744 F.2d 1289, 1294 (7th Cir.1984); *DeMedina v. Reinhardt,* 686 F.2d 997, 1003 (D.C.Cir.1982); *Valentino v. United States Postal Service,* 674 F.2d 56, 71 n. 24 (D.C.Cir.1982)) are distinguishable. You cannot determine the subjective qualifications of hundreds or thousands of people for purposes of doing a statistical analysis; but you can determine the subjective qualifications of one plaintiff.

Granted, to make the plaintiff prove as part of his prima facie case that he meets the employer's subjective as well as objective qualifications gives the plaintiff a harder row to hoe; and maybe therefore Judge Swygert is right in the position he took in dissent in *Holder,* and that he repeats today; the weight of authority supports his view. But I have my doubts. If a job requires leadership, or good looks, or a loud voice, or anything else that is not "objective"—that is, is not a paper qualification—it seems odd to say that the failure to give the job to the person with the advanced degree, or more years of service, or better grades in high school, or whatever else might count as an "objective" qualification for the job is, prima facie, racial or sexual or some other form of discrimination. We stray awfully far from the accepted meaning of "prima facie" case, even in the employment-discrimination field, when we say that the failure to promote a person is prima facie evidence that he was a victim of discrimination, when in fact there is no reason to think he was even qualified for the promotion, let alone that he was the best qualified for it.

But this is not the case to resolve the issue. However it is resolved, the plaintiff loses. Let us wait till the issue is inescapably presented.